ON PETITION FOR REHEARING.
Per Curiam.
The opinion announced in this cause is not *362 in conflict with the well-settled doctrine affirmed in Widner v. Walsh, 3 Colo. 549, to which counsel have cited us. The facts in the two cases radically differ, and upon reason and principle the rule there stated cannot apply to the case at bar. In that case the contract called for the delivery to the creditor of 14,000 brick, at the kiln of the debtor. The brick were presumably in the actual possession of the owner and were susceptible of manual delivery. Upon a refusal to deliver, their value would be the measure of the recovery, and this could readily be determined by the market price.
Where the contract is to pay in real estate however, as claimed here, the identical piece of land not being specified nor even its location, nor its value, an entirely different proposition is presented, one to which it is apparent the application of the above-cited rule would be impossible and would not be necessary. Conceding that a demand would be required, it should of necessity be for some specific and definite piece of land, lot or number of lots. Who is to determine this in such a case?
Real estate varies greatly in value according to a variety of circumstances. One lot may be worth vastly more than another lot in the same town. It would be manifestly unfair that the creditor be permitted to say, You shall convey to me this lot or tract of land, and I will accept none other. And equally so would it be to allow the debtor to say, I will convey this and none other. Without violation of the terms of the contract, the creditor might refuse to accept a conveyance of that offered, and the debtor might decline to convey that demanded. If nothing could be accomplished by a demand, why its necessity?
But, say counsel, it was the duty of the creditor to make a selection of the lots desired and then demand a conveyance of them. Surely it cannot be contended that the burden of expense and labor was upon the plaintiff to investigate the public records and ascertain what lots were owned by defendants. If as is suggested the defendants gave to plaintiff a list of their lots and told her to select two in settlement of *363 the contract, and she failed to notify them of any selection, then snch failure was a refusal to accept any, and the act of defendants waived any demand even if necessary in the first instance.
We are clearly of opinion that where a contract is for payment by conveyance of real estate, before the rule can be invoked that there must first be a demand and refusal of conveyance in order to sustain an action to recover the value of the services rendered or the amount paid by the payee, the contract must be so specific and definite in its terms that it could be enforced by a suit for specific performance. This is not such a case.
Moreover, as we have stated, there was evidence of a sufficient demand, if one was necessary. Whatever may have been plaintiff’s language in requesting a settlement, as testified to by her, the defendants treated it as a demand for a conveyance by offering to convey to her lots in Montclair. Her failure to accept the offer was equivalent to her refusal.
The opinion may have been in error in saying that the lots in Montclair which defendants offered to convey were shown to have been incumbered, but this is immaterial in the view which we take of the vital issues in the case. The fact of their incumbrance or nonincumbrance is not essential to our conclusions.
The petition for a rehearing is denied.